UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA AARON KEATING, #841873,

        Petitioner,

v.

CASE NO. 2:21-CV-10112
HONORABLE NANCY G. EDMUNDS

CONNIE HORTON,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Joshua Aaron Keating ("Keating") was convicted of first-degree criminal sexual conduct (person under 13), Mich. Comp. Laws § 750.520b(1)(a); two counts of second-degree criminal sexual conduct (person under 13), Mich. Comp. Laws § 750.520c(2)(b); and indecent exposure, Mich. Comp. Laws § 750.335a, following a jury trial in the Livingston County Circuit Court. He was sentenced to concurrent terms of 15 to 40 years imprisonment, 10 to 15 years imprisonment, and one year in jail on those convictions in 2017.

In his *pro se* petition, Keating raises the following claims:

I.    The prosecutor committed misconduct by eliciting testimony of a defense witness that Petitioner's brother had been convicted of the same conduct involving the same complainants, thereby bolstering their credibility. Defense counsel was ineffective for not objecting, or in the alternative the error was plain.

II. The prosecutor committed misconduct which deprived Petitioner of a fair trial when he distorted his burden of proof by informing the jurors that they were required to decide which side's witnesses were telling the truth.

III. Petitioner was denied his constitutional right to due process where the trial court improperly determined that he was guilty by a preponderance of the evidence of the unproven charges alleged to have occurred before complainants were thirteen and he must be resentenced.

IV. The prosecutor and witnesses skewed comments and facts, made false opinionated statements misleading the jury, not allowing a fair trial.

V. The judge neglected to inform the jury of an instruction which could have led to an unfair trial.

VI. Missing final settlement transcript.

VII. Errors in presentence investigation report and neglecting reading and review of that report.

VIII. Being a juvenile for charges #4, #5, and #6.

IX. The testimony pertaining to charge #5 has pertinent timeline discrepancies.

X. Having a co-defendant charge #3.

Having reviewed the matter and for the reasons set forth herein, the Court concludes that Keating has not properly exhausted state court remedies as to all of his habeas claims and dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Keating filed an appeal of right with the Michigan Court of Appeals raising his first three habeas claims. The Michigan Court of Appeals denied relief on those claims and affirmed his convictions and sentences. *People*

*v. Keating*, No. 340693, 2019 WL 1212722 (Mich. Ct. App. March 14, 2019) (unpublished). Keating then filed an application for leave to appeal with the Michigan Supreme Court raising those same three claims, as well as his fourth through tenth habeas claims. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Keating*, 505 Mich. 1015, 940 N.W.2d 77 (March 27, 2020).

Keating dated his federal habeas petition on January 6, 2021.

### III.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Keating does not meet his burden of demonstrating exhaustion of state court remedies. He admits that he did not present his fourth through tenth habeas claims to the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. First presenting a claim before the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). Keating thus failed to properly exhaust seven of his ten habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544

4

U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Keating has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Keating as long as he pursues his state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about June

25, 2020.  The one-year period then ran until January 6, 2021 when Keating dated his federal habeas petition for mailing by prison officials.  Consequently, just over six months of the one-year period had expired when he instituted this action.  While the time in which his habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that over five months of the one-year period remains, Keating has ample time in which to fully exhaust all of his habeas claims in the state courts and then return to federal court on a perfected petition should he wish to do so.  A stay is unnecessary.

      Additionally, while there is no evidence of intentional delay, Keating neither alleges nor establishes good cause for failing to properly exhaust all of his claims in the state courts before seeking federal habeas relief.  The fact that defense counsel did not raise his unexhausted claims at trial or on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Keating's failure to exhaust the claims on state collateral review before proceeding in federal court.  The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007).

Lastly, at least some of Keating's unexhausted claims appear to concern matters of federal law and may not be plainly meritless. Those claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard of 28 U.S.C. § 2254.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that Keating has not properly exhausted state court remedies as to his fourth through tenth habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Keating wish to delete the unexhausted claims and proceed only on the exhausted claims, he may move to re-open this case and amend his habeas petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Keating may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED***.*

                                                            s/ Nancy G. Edmunds
                                                            NANCY G. EDMUNDS
                                                            UNITED STATES DISTRICT JUDGE

Dated: January 28, 2021